**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARK W. CHARCALLA,              )
                                 )
                                 )
            Plaintiff,     )
        v.                   )     C.A. No. 11-277 Erie
                                 )     District Judge McLaughlin
GENERAL ELECTRIC TRANSPORTATION   )
SYSTEMS,                        )
                                 )
           Defendant.    )
                                 )
                                 )

**<u>MEMORANDUM ORDER</u>**

McLAUGHLIN, SEAN J., J.

      This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3).   For the reasons which follow, Defendant's motion is granted.

      I.    <u>BACKGROUND</u>

      On February 12, 1979, Plaintiff Mark W. Charcalla ("Plaintiff") was hired to work as a machinist in a manufacturing plant owned and operated by Defendant General Electric Company ("Defendant") and located in Erie, Pennsylvania.   (Complaint, ¶ 8). Throughout most of 1980 and 1981, Plaintiff was laid off due to a lack of available work at the plant.   (Complaint, ¶¶ 9-10).   Around this time, a human resources officer allegedly told Plaintiff that if he enlisted in the military, he would be guaranteed seniority and reemployment within 90 days of receiving an honorable discharge.   (Complaint, ¶¶ 10-11).

1

Plaintiff enlisted in the military and began his military service in January, 1982. (Complaint, ¶ 12).   He received his honorable discharge on September 10, 1985. (Complaint, ¶¶ 13).   On December 9, 1985, Plaintiff exercised his reemployment rights and returned to employment at Defendant's Erie plant.   (Complaint, ¶ 14).   However, Plaintiff was laid off again in early 1986.   (Complaint, ¶¶ 15-16).   After not being called back to work for over two years, Plaintiff moved to the State of Indiana in 1988 and pursued a bachelor's degree in mechanical engineering.   (Complaint, ¶ 17).   Plaintiff asserts that he subsequently applied for positions at GE plants in Indiana and Pennsylvania on dozens of occasions between 1995 and 2008 without receiving responses.   (Complaint, ¶¶ 18-21).

On November 10, 2011, Plaintiff initiated this action by filing a *pro se* Complaint alleging that his termination in 1986 violated Section 4316(c)(1) of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* Defendant filed the instant motion to dismiss on February 1, 2012.   This matter is ripe for review.

## II.   STANDARD FOR REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.   Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States

2

Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Where the basis for a 12(b)(6) motion is the statute of limitations, the Court must rely on the time alleged in the complaint to determine if the statute of limitations has expired. Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3rd Cir.1989). If the statute of limitations has expired, the claim is properly dismissed on a 12(b)(6) motion. See Cito, 892 F.2d at 25.

III.   DISCUSSION

This action arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), enacted by Congress in 1994 to "strengthen . .

3

. existing veterans' employment and reemployment rights provisions," <u>Gummo v. Village of Depew</u>, 75 F.3d 98, 105 (2nd Cir. 1996), and to "protect the ability of our veterans to obtain employment upon returning to civilian life."   <u>Middleton v. City of Chicago</u>, 578 F.3d 655, 659 (7th Cir. 2009).   Consistent with this purpose, USERRA seeks to "encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service," minimize disruption in the lives of both service members and their employers, and "prohibit discrimination against persons because of their service in the uniformed services."   38 U.S.C. § 4301(a).

The specific USERRA provision implicated in the instant case, Section 4316(c)(1), provides in relevant part that: "[a] person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause . . . within one year after the date of such reemployment . . ."   38 U.S.C. § 4316(c)(1).   As set forth above, Plaintiff alleges that he returned to work following his honorable discharge on December 9, 1985, but was terminated without cause within one year.

The crux of Defendant's motion to dismiss is that Plaintiff's claim, which accrued in 1986, is time-barred.[1]   In order to address this contention, a brief background discussion of the historical application of statutes of limitations to USERRA claims is warranted.

At the time that it was enacted in 1994, USERRA contained no reference to any applicable limitations period.   Although USERRA was amended in 1998 to explicitly provide that state statutes of limitations were not applicable to USERRA claims, <u>see</u> 38 U.S.C. § 4323(i), it remained silent with regard to any applicable federal statute of

---

[1]      Plaintiff explicitly acknowledges that the only claim raised in his Complaint accrued in 1986.   <u>See</u> Plaintiff's Brief in Opposition, Docket No. 9, p. 3 ("As defense has conceded, this case accrued in 1986.").

limitations until 2008.   See Middleton, 578 F.3d at 657-58; Tully v. County of Nassau, 2012 WL 487007, *5-6 (E.D.N.Y. 2012).   Consequently, prior to 2008, "many courts applied the four-year 'catch-all' statute of limitations set forth in 28 U.S.C. § 1658 to USERRA claims."   Tully, 2012 WL 487007 at *5; Middleton, 578 F.3d at 658, 661. This "catch-all" statute, enacted in 1990, states that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues."   28 U.S.C. § 1658(a).   The Seventh Circuit explained the rationale behind applying 28 U.S.C. § 1658 to USERRA in Middleton:

> USERRA did not mention the federal statute of limitations in § 1658, nor did it expressly provide that claims under the new law were exempt from any limitations period altogether. . . . Simply applying the language of § 1658(a) to USERRA indicated that the latter was subject to the former: this is a civil action; USERRA is an act of Congress; it was enacted well after § 1658(a); and it did not "otherwise provide" for a different limitations period.
>
> *       *       *       *       *       *       *       *
>
> Congress enacted USERRA well after it created the four-year limitations period in § 1658, and we presume that Congress knew that any new federal statute would be subject to such a limitation unless it "otherwise provided by law."   Thus, if Congress wanted a different limitations period to apply to USERRA – or none at all – it needed to say so.

Middleton, 578 F.3d at 658, 661.   Other courts have routinely reached the same conclusion.   See, e.g., Tully, 2012 WL 487007, *7 ("USERRA is silent with regard to a federal statute of limitations. . . . As a result, the Court agrees with those courts that have found that USERRA claims arising before the enactment of the VBIA in October 2008 were subject to the four-year limitations period in section 1658."); Aull v. McKeon-Grano Associates, Inc., 2007 WL 655484 (D.N.J. 2007) ("[T]his Court

concludes that, as a general matter, § 1658(a)'s four-year statute of limitations applies to claims brought under USERRA.").

On October 10, 2008, USERRA was amended by Congress pursuant to the Veterans' Benefits Improvement Act ("VBIA"), Pub.L. No. 110-389, 122 Stat. 4145, to eliminate any time limitations on the period for filing a claim under the statute. Specifically, the reference to the inapplicability of state statutes of limitations contained in § 4323(i) was replaced with a provision stating that "there shall be no limit on the period for filing the Complaint or claim under USERRA." 38 U.S.C. § 4327(b).

Notwithstanding the 2008 amendment, Defendant contends that Plaintiff's USERRA claim is time-barred because it arose and expired under the pre-VBIA version of the statute which was subject to the four-year limitations period contained in 28 U.S.C. § 1658. In his brief in opposition to the motion to dismiss, Plaintiff raises two primary arguments as to why his action is timely. Each is unavailing.

First, Plaintiff asserts that USERRA, although passed in 1994, was actually an amendment to a prior statute, the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VRRA"), rather than a "new" law. He contends, therefore, that USERRA did not "aris[e] under an Act of Congress enacted after" 1990 and, consequently, that the limitations period set forth in 28 U.S.C. § 1658 does not apply. In support of his position, Plaintiff cites Akhdary v. City of Chatanooga, 2002 WL 32060140 (E.D. Tenn. 2002), which held that "USERRA does not establish a new cause of action; instead, it amends the preexisting law of the VRRA. Thus, there is no statute of limitations that applies to [the USERRA] claims in this case." Id. at *6. However, in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 374-75, 381 (2004), the United States Supreme Court implicitly abrogated Akhdary by holding that § 1658's application is not limited only to "entirely new sections of the United States Code," but rather, that it applied "even if the new law amended a preexisting law" because "Congress often creates new

6

causes of action by amending existing statutes." Id. at 381. The Court concluded that "a cause of action 'arises under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by § 1658's 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Id. at 382. On the basis of the holding in Jones, Akhdary has been uniformly rejected by every court which has considered the application of § 1658 to USERRA. In Middleton, for example, the Court held that Akhdary "is incompatible with the test the Supreme Court announced in Jones" because "the important concern is not whether an amendment refers to preexisting law, but the amendment's substantive effect on the rights and liabilities of the parties." Middleton, 578 F.3d at 659-60. The Court explained:

> USERRA provided veterans the chance to seek previously unavailable remedies, an amendment that materially altered the VRRA's enforcement provision. The rights to liquidated damages and a jury trial were not available to Middleton under the VRRA, and USERRA created new potential liability for the City. In his operative complaint, Middleton alleged that the City's "violation of USERRA was willful," and he sought all "just and proper" relief. Such relief encompasses the new remedies that Congress provided for veterans in USERRA. Applying the Supreme Court's reasoning in Jones, Middleton's current claim was "made possible by" and "necessarily depend[s]" on USERRA, meaning it arose under a cause of action enacted after § 1658.

Id. at 660. Other courts have reached the same conclusion. See Aull, 2007 WL 655484, *4 ("[A]s a result of [Jones], decisions like Akhdary . . . have been abrogated by the Supreme Court's conclusion that an Act of Congress need not be an entirely new cause of action, but instead may be an amendment to a pre-1990 law for § 1658 to apply for statute of limitations purposes. . . . Therefore, this Court concludes that, as a

general matter, § 1658(a)'s four-year statute of limitations applies to claims brought under USERRA.") (internal citations omitted); <u>Wagner v. Novartis Pharmaceuticals Corp</u>., 565 F.Supp.2d 940, 945 (E.D. Tenn. 2008) (noting that USERRA broadened the rights available to litigants under the VRRA and thus the statute of limitations set forth in § 1658 is applicable to USERRA); <u>O'Neil v. Putnam Retail Management, LLP</u>, 407 F.Supp.2d 310, 316 (D. Mass. 2005) (same); <u>Nino v. Haynes International, Inc.</u>, 2005 WL 4889258, *5-6 (S.D. Ind. 2005) (same).

   As in <u>Middleton</u>, Plaintiff's Complaint seeks liquidated damages and a jury trial, rights and remedies that were provided in USERRA that were not available under the VRRA.   Consequently, Plaintiff's claim was "'made possible by' and 'necessarily depend[s]' on USERRA, meaning it arose under a cause of action enacted after § 1658."   <u>Middleton</u>, 578 F.3d at 660 (quoting <u>Jones</u>, 541 U.S. at 381-82).   His claims, which accrued over 25 years ago, are thus barred by the four-year statute of limitations provided in 28 U.S.C. § 1658.

   Secondly, Plaintiff contends that, even if his USERRA claims were time-barred prior to 2008, they were retroactively revived when Congress passed the VBIA.   <u>See</u> 38 U.S.C. § 4327(b) (stating that "there shall be no limit on the period for filing the Complaint or claim under USERRA").   However, the presumption against retroactive legislation "is deeply rooted in our jurisprudence."   <u>Landgraf v. USI Film Prods</u>., 511 U.S. 244, 265 (1994).   This "time-honored presumption" dictates that newly enacted statutory provisions should not be applied retroactively "unless Congress has clearly manifested its intent to the contrary."   <u>Hughes Aircraft Co. v. United States <i>ex rel.</i> Schumer</u>, 520 U.S. 939, 946 (1997) (quoting <u>Landgraf</u>, 511 U.S. at 268).   With respect

to the VBIA, courts have overwhelmingly concluded that Congress did not expressly provide for retroactive application.

In <u>Middleton</u>, for example, the plaintiff argued that Congress' enactment of the VBIA retroactively applied to his previously time-barred USERRA claims.   The Seventh Circuit disagreed:

> The VBIA says nothing about whether § 4327(b) applies retroactively. In fact, the only hint in the text suggests that it applies *prospectively:* "If any person *seeks to file* a complaint or claim ...."   Sec. 311(f)(1), § 4327(b) (emphasis added). Congress was aware that for § 4327(b) to have retroactive effect, it needed to say so expressly, and the absence of any such express language in the text indicates that Congress chose not to do so.
>
> More importantly, however, is that even if we could interpret § 4327(b) to apply to some USERRA claims filed before October 10, 2008, this would not save Middleton's thirteen-year-old cause of action, which was already time-barred when § 4327(b) took effect.
>
> *        *        *        *        *        *        *        *        *
>
> Middleton asks us to apply § 4327(b) to revive a time-barred claim, but he has presented nothing to overcome our presumption against doing so. Congress said nothing about retroactivity, and under the general rule we have just stated, we cannot apply § 4327(b) to his thirteen-year-old USERRA claim.

<u>Middleton</u>, 578 F.3d at 662-63.   Other courts have reached the same result, particularly where a retroactive application of the VBIA would "impermissibly revive[] a moribund cause of action."   <u>Hughes Aircraft</u>, 520 U.S. at 950 (noting that a legislative extension of a statute of limitations after the preexisting period of limitations has expired cannot "impermissibly revive[]" an expired action).   <u>See</u>, <u>e.g.</u>, <u>Tully</u>, 2012 WL 487007, *7-10 ("In the absence of an 'express command' of retroactivity by Congress, and the presence of impermissible retroactive effects, the Court finds no basis to disregard the

'traditional presumption against retroactivity' and revive the Plaintiff's expired USERRA claims."); <u>Brill v. AK Steel Corp</u>., 2012 WL 893902, *10-11 (S.D. Ohio 2012) ("Applying the VBIA retroactively in this case to claims based on actions that occurred prior to October 10, 2004 would . . . impermissibly revive moribund causes of action."); <u>Moore v. United Air Lines, Inc</u>., 2011 WL 2144629, *6-7 (D. Colo. 2011) (holding that the VBIA does not revive USERRA claims that were time-barred prior to its enactment); <u>Andritzky v. Concordia University Chicago</u>, 2010 WL 1474582, *4 (N.D. Ill. 2010) (holding that "claims that have expired before VBIA's enactment . . . are time-barred because they were subject to § 1658 and expired before VBIA's enactment."); <u>Risner v. Haines</u>, 2009 WL 4280734, *7 (N.D. Ohio 2009) (holding that "[t]he VBIA makes no mention of the application of § 4327(b) as retroactive and, as such, the absence of an express indication from Congress is fatal" to plaintiff's USERRA claims).   As in each of these cases, Plaintiff's cause of action accrued and expired long before Congress enacted the VBIA.   Consequently, retroactive application of that statute would "impermissibly revive" a long-extinguished cause of action.   <u>Hughes Aircraft</u>, 520 U.S. at 950.

IV.   <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's USERRA claims in this case are time barred pursuant to 28 U.S.C. § 1658.   Consequently, Defendant's motion to dismiss is granted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARK W. CHARCALLA,         )
                                )
                                )
             Plaintiff,     )
     v.                      )      C.A. No. 11-277 Erie
                                )      District Judge McLaughlin
GENERAL ELECTRIC TRANSPORTATION  )
SYSTEMS,                   )
                                )
           Defendant.   )
                                )
                                )

<u>**ORDER**</u>

AND NOW, this 25th day of April, 2012, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED. Judgment is entered in favor of Defendant.   This matter is closed.

IT IS SO ORDERED.

                                  /s/ Sean J. McLaughlin_____
                                  United States District Judge

cm: All parties of record. ___